IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY GEROLAGA, JR.,

    Petitioner,                      No. CIV S-08-2542 LKK DAD P

   vs.

M.C. KRAMER, Warden,              <u>ORDER AND</u>

    Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 6, 2009, the undersigned ordered respondent to file and serve a response to the petition. On May 1, 2009, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion and respondent has filed a reply.

**BACKGROUND**

        On November 14, 2003, a San Joaquin County Superior Court jury convicted petitioner of attempted murder, two counts of first degree residential robbery, assault with a deadly weapon, dissuading a witness by force or threat, unlawful taking of a vehicle, and false imprisonment by violence. The jury also found several sentencing enhancement allegations to be

1  true.  Pursuant to the jury's verdict, the trial court sentenced petitioner to an indeterminate term
2  of life in state prison with the possibility of parole and a consecutive determinate term of fifteen
3  years and four months in state prison.  On August 1, 2005, the California Court of Appeal for the
4  Third Appellate District stayed petitioner's sentence in connection with his false imprisonment
5  conviction but affirmed the judgment in all other respects.  On November 2, 2005, the California
6  Supreme Court denied review.  (Pet. at 2; Resp't's Lodged Docs. 1-4.)

7  Petitioner subsequently filed three petitions for writ of habeas corpus in state
8  court.  On January 19, 2007, he filed a petition for writ of habeas corpus in the San Joaquin
9  County Superior Court which was denied on April 6, 2007.  On November 18, 2007, petitioner
10 filed a petition for writ of habeas corpus in the California Court of Appeal for the Third
11 Appellate District which was denied on December 13, 2007.  Finally, on January 30, 2008,
12 petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was
13 denied on July 30, 2008.  (Resp't's Lodged Docs. 5-10.)

14 On October 23, 2008, petitioner commenced this action by filing a federal petition
15 for writ of habeas corpus.

16 **RESPONDENT'S MOTION TO DISMISS**

17 I. Respondent's Motion

18 Respondent has filed a motion to dismiss arguing that petitioner's federal habeas
19 petition is time-barred.  Specifically, respondent argues that on November 2, 2005, the California
20 Supreme Court denied petitioner's petition for review, causing petitioner's judgment of
21 conviction to become "final" on January 31, 2006, after the time for filing a petition for writ of
22 certiorari expired.  Respondent argues that the one-year statute of limitations for filing a federal
23 habeas petition began to run the following day, on February 1, 2006, and expired one year later
24 on January 31, 2007.  (Resp't's Mot. to Dismiss at 3.)

25 Respondent acknowledges that the proper filing of a state post-conviction
26 application challenging a judgment of conviction tolls the one-year statute of limitations period.

1  Respondent argues that petitioner, however, did not file his first state habeas petition until 352
2  days had elapsed under the statute of limitations for the filing of a federal petition.  Respondent
3  concedes that petitioner is entitled to statutory tolling for the 78 days that his first habeas petition
4  was pending in state court.  However, respondent argues that petitioner unreasonably delayed in
5  filing his second habeas petition and is therefore not entitled to tolling for the 225 days between
6  the San Joaquin County Superior Court's denial of his first petition and his filing of his second
7  state habeas petition with the California Court of Appeal.  (Resp't's Mot. to Dismiss at 4.)

8         Granting petitioner the benefit of 78 days of tolling, respondent contends that the
9  one-year statute of limitations expired on April 19, 2007, and that petitioner did not file his
10 federal petition until more than a year later on October 27, 2008.  Finally, although petitioner
11 filed a second and third habeas petition in progressively higher state courts, respondent argues
12 that those filings took place after the statute of limitations for the filing of his federal petition
13 expired and do not restart the clock at zero or otherwise save petitioner's claims from being time-
14 barred.  Accordingly, respondent concludes that petitioner's federal petition for writ of habeas
15 corpus is untimely and should be dismissed with prejudice.  (Resp't's Mot. to Dismiss at 5.)
16 II.  Petitioner's Opposition

17         In opposition to respondent's motion to dismiss, petitioner argues that he is
18 actually innocent of attempted murder.  Petitioner contends that the prosecution knew or should
19 have known that it was relying on false testimony admitted against him at his trial.  Petitioner
20 argues that two of the prosecution's star witnesses offered materially different versions of events
21 at trial compared to their earlier accounts as documented in a police report.  For example,
22 according to petitioner, Officer Carcamo testified at trial that Ms. Hayes, the victim, was lying in
23 the hospital bed having difficulty speaking with blood coming from her mouth and showering his
24 face.  In contrast, Officer Carcamo did not describe the victim's injuries as such in his police
25 report.  Similarly, according to petitioner the victim, Ms. Hayes, gave materially false testimony
26 at trial as established by the fact that she gave a statement to Officer Carcamo on the night of the

crime that was inconcistent with that trial testimony. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-3 & Pet. Attach. at 3-7, Exs. 3-4.)

Petitioner also contends that his trial counsel was ineffective because he should have been aware of the prosecution witnesses' false testimony. According to petitioner, his trial counsel failed to impeach either witness with their prior inconsistent statements that indicated the victim had received less severe injuries which in turn would have undermined the attempted murder charge. In addition, petitioner argues that his trial counsel failed to subpoena the victim's medical records or secure the testimony of the victim's medical team to describe the nature and extent of her injuries and medical condition. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3 & Pet. Attach. at 7-14, Exs. 3-4.)

Petitioner maintains that any procedural default on his part should be excused in light of his actual innocence. In petitioner's view, it is probable that no reasonable juror could convict him beyond a reasonable doubt. Petitioner requests an evidentiary hearing to review the victim's medical records and to hear testimony from her medical team. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3-5.)

III. Respondent's Reply

In reply, respondent argues that petitioner does not dispute the contents of the pending motion to dismiss and instead merely argues that he is actually innocent of the charges upon which he was convicted. Respondent contends that neither the United States Supreme Court nor the Ninth Circuit has ever found that the "fundamental miscarriage of justice" exception announced in Schlup v. Delo, 513 U.S. 298 (1995) is applicable to, or sufficient to override, the AEDPA statute of limitations. Moreover, even if an actual innocence claim could forgive an untimely filing under the AEDPA statute of limitations violation, respondent argues that petitioner has not made any showing that he is factually innocent. (Resp't's Reply at 1-3.)

In this latter regard, respondent relies specifically on the San Joaquin County Superior Court's decision denying petitioner's petition for writ of habeas corpus. Therein, the

court rejected petitioner's claims that Ms. Hayes and Officer Carcamo offered false testimony, stating:

> Petitioner has also failed to demonstrate that any perjured testimony was elicited at his trial. That additional facts were testified to other than what appeared in the police report is not evidence that the witnesses were lying.

(Resp't's Reply at 4.)

Respondent also relies on the California Court of Appeal's opinion affirming petitioner's conviction on appeal. The Court of Appeal indicated that the evidence admitted at petitioner's trial demonstrated that petitioner knocked the victim, Ms. Hayes, down upon entering her daughter's bedroom and that the victim lost consciousness. When she regained consciousness, petitioner was kicking her. Petitioner beat her to the point where her eyes were swollen shut and her face, arms and hands were completely bloodied. Petitioner bound her hands behind her back with duct tape, but her hands were so bloody the tape did not stick. Petitioner then duct-taped the victim's eyes shut and wrapped duct tape around her head, covering her nose and mouth. The victim testified at trial that she could not breathe through her nose but moved her chin somehow to gasp for air through the corner of her mouth. Officers found blood on the bathroom floor, toilet, bathroom sink, the front door, and in the bedroom of the victim's daughter on the carpet, wall, blinds, bed, and ceiling. The victim was hospitalized for treatment of her injuries for four to five days. Her face was noted to be disfigured by numerous lacerations, and she needed stitches to her forehead, left eyelid, above her right eyebrow, on her nose, on her right cheek, on her right ear, and on her lips. (Resp't's Reply at 5.)

Finally, respondent relies on the trial court's decision to deny petitioner's motion for a new trial due to insufficiency of evidence. In this regard, the trial court held that the evidence showed that the victim would have died from suffocation, but because she was bleeding so much from the severe beating, the duct tape used by petitioner slipped off and she was able to get out. (Resp't's Reply at 5.)

1   Respondent maintains that petitioner's conviction for attempted murder was fair,
2   accurate and fully supported by the evidence introduced at trial.  Respondent also repeats the
3   contention that petitioner has failed to establish his actual innocence.  (Resp't's Reply at 5.)

## ANALYSIS

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition.  See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

/////

/////

II. Application of § 2244(d)(1)(A)

As noted above, on November 14, 2003, a San Joaquin County Superior Court jury convicted petitioner of attempted murder, two counts of first degree residential robbery, assault with a deadly weapon, dissuading a witness by force or threat, unlawful taking of a vehicle, and false imprisonment by violence. The jury also found several enhancement allegations to be true. The trial court sentenced petitioner to an indeterminate term of life with the possibility of parole in state prison and a consecutive determinate term of fifteen years and four months in state prison. On August 1, 2005, the California Court of Appeal for the Third Appellate District stayed petitioner's sentence in connection with his false imprisonment conviction but affirmed the judgment in all other respects. On November 2, 2005, the California Supreme Court denied review.

For purposes of federal habeas review, petitioner's conviction became final on January 31, 2006, ninety days after the California Supreme Court denied his petition for review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period therefore began to run the following day, on February 1, 2006, and expired one year later on January 31, 2007. Petitioner did not file his federal habeas petition until on October 23, 2008. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round

7

of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, 352 days of the one-year statute of limitations elapsed before petitioner filed his first habeas petition in the Sacramento County Superior Court on January 19, 2007, leaving him only thirteen days remaining of the federal statute of limitations. Even assuming for the sake of argument that petitioner is entitled to statutory tolling for the entire time that his three habeas petitions were pending in state court, he waited nearly three additional months (from July 30, 2008 to October 23, 2008) after the California Supreme Court denied him habeas relief before he filed his federal petition in this court.

Accordingly, by the time petitioner filed his federal petition on October 23, 2008, more than one year had run on the AEDPA statute of limitations, rendering petitioner's federal habeas petition time-barred.

IV. Actual Innocence Claim

Neither the United States Supreme Court nor the Ninth Circuit has squarely addressed whether a habeas petitioner's demonstration of probable innocence may excuse his noncompliaice with the AEDPA statute of limitations. See Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2006) (declining to answer whether "surviving the rigors of this gateway [under Schlup] has the consequence of overriding AEDPA's one-year statute of limitation"). However, at least one district court in California has held that such a demonstration may excuse a habeas petitioner's untimeliness. See Lisker v. Knowles, 463 F. Supp. 2d 1008, 1032 (C.D. Cal. 2006). See also Johnson v. Knowles, 541 F.3d 933 (9th Cir. 2008) (the "fundamental miscarriage of justice" exception does not excuse an untimely habeas petition where the petitioner has conceded guilt). In this case, even assuming that the AEDPA one-year statute of limitations is subject to the "fundamental miscarriage of justice" exception, petitioner has not met his burden of demonstrating the requisite "actual innocence."

A petitioner's claim of actual innocence must be supported "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Majoy, 296 F.3d at 776 (quoting Schlup, 513 U.S. at 327). See also Griffin v. Johnson, 350 F.3d 956, 962-63 (9th Cir. 2003); Sistrunk v. Armenakis, 292 F.3d 669, 672-73 (9th Cir. 2002) (en banc).

Here, petitioner has not offered any new evidence to support his challenge to his conviction for attempted murder. Rather, he merely argues that the victim, Ms. Hayes, and Officer Carcamo gave false testimony at his trial because they testified about additional facts that were not included in the police reports regarding the crimes. Petitioner also speculates that additional evidence in the form of the victim's medical records and testimony from the medical professionals who treated her for her injuries could have possibly demonstrated that her injuries were not as severe as she and Officer Carcamo testified a trial. Petitioner's conclusory arguments and pure speculation, however, simply do not satisfy the Schlup standard. See, e.g., Martinez v. Clark, No. CV 09-2031 SGL (RNB), 2009 WL 1788402 at *5 (C.D. Cal. June 23, 2009) (in the few cases habeas petitioners have been able to meet the Schlup standard, the "new evidence" consisted of "credible evidence that the petitioner had a solid alibi for the time of the crime, numerous exonerating eyewitness accounts of the crime, DNA evidence excluding the petitioner and identifying another potential perpetrator, a credible confession by a likely suspect explaining that he had framed the petitioner, and/or evidence contradicting the very premise of the prosecutor's case against the petitioner.") (and cases therein).

Moreover, while petitioner appears to claim that he is actually innocent of attempted murder because the injuries suffered by his victim were not sufficient to support that charge, he also appears to concede that he was guilty of committing lesser offenses against the

9

victim. Insofar as petitioner is claiming legal innocence or innocence as a result of prosecutorial misconduct or ineffective assistance of counsel, he has failed to raise a proper and cognizable claim within the meaning of the "actual innocence" exception under Schlup. See Gandarela v. Johnson, 286 F.3d 1080, 1085 (9th Cir. 2002) ("The required evidence must create a colorable claim of actual innocence, that the petitioner 'is innocent of the charge for which he [is] incarcerated,' as opposed to legal innocence as a result of legal error."); Burleson v. Cal. Dep't of Corrs. & Rehab., No. C 08-01853 SBA (PR), 2009 WL 2941516 (N.D. Cal. Sept. 10, 2009) (petitioner's claim that he was innocent of murder and should have been convicted only of voluntary manslaughter instead was a legal innocence claim and not a proper "actual innocence" claim under Schlup).

Finally, the court declines to hold an evidentiary hearing on petitioner's "actual innocence" claim because he has failed to demonstrate that he might be able "to muster a plausible factual case meeting the exacting gateway standard established by the Supreme Court in Schlup for overriding a petitioner's clear failure to meet deadlines and requirements for filing a timely petition in federal court." Majoy, 296 F.3d at 775.

In sum, for the reasons discussed above, respondent's motion to dismiss should be granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice.

**OTHER MATTERS**

Respondent has informed the court that Michael S. Evans, not M.C. Kramer, is the current warden at Folsom State Prison. Respondent requests that the court substitute Warden Evans as respondent in this action. Good cause appearing, the court will grant respondent's request.

/////

/////

/////

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Respondent's May 1, 2009 request to substitute Warden Evans as respondent in this action (Doc. No. 11) is granted; and

2. The Clerk of the Court is directed to amend the docket to reflect that Warden Michael S. Evans is the respondent in this action.

IT IS HEREBY RECOMMENDED that:

1. Respondent's May 1, 2009 motion to dismiss (Doc. No. 11) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gero2542.157